**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEBORAH G. CHAFFIN, an individual,<br><br>                                       Plaintiff,<br>vs.<br>AUTOMATED FINANCE CORPORATION, a California corporation, form unknown; AZTEC FORECLOSURE CORPORATION, an Arizona corporation, for unknown; OCWEN LOAN SERVICING, LLC, a Florida corporation, form unknown; HSBC BANK USA, a business entity, form unknown; ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, a business entity, form unknown; and DOES 1 through 50, inclusive,<br><br>                                       Defendants. | **CASE NO. 09-CV-00259-H (RBB)**<br><br>**ORDER DENYING MOTION TO DISMISS** |

On July 7, 2009, Defendants Ocwen Loan Servicing, LLC ("Ocwen") and HSBC Bank USA, N.A., as trustee on behalf of Ace Securities Corp. Home Equity Loans Trust and for the Registered Holders of Ace Securities Corp. Home Equity Loan Trust, Series 2007-ASAP2, Asset Backed Pass-Through Certificate ("HSBC") (erroneously named as two separate entities HSBC Bank USA and Ace Securities Corp.) filed a motion to dismiss Plaintiff Deborah Chaffin's first amended complaint pursuant to Fed. R. Civ. Pro. 41(b). (Doc. No. 10.) Plaintiff filed a response in opposition on July 27, 2009. (Doc. No. 12.) Defendants Ocwen and HSBC

1  did not file a reply.

2  The Court determines, pursuant to Local Rule 7.1(d)(1), that this matter is appropriate for resolution without oral argument and submits it on the parties' papers. For the reasons set forth below, the Court denies Defendants Ocwen and HSBC's motion to dismiss the first amended complaint under Fed. R. Civ. Pro. 41(b).

**Background**

Plaintiff, proceeding pro se, brought suit against Defendants Ocwen and HSBC in California Superior Court, in and for the County of San Diego. (Doc. No. 1.) On February 11, 2009, Defendants removed the action to this Court (Doc. No. 1) and filed a motion to dismiss on February 19, 2009 (Doc. No. 3). Plaintiff obtained counsel, responded to Defendant Ocwen and HSBC's motion to dismiss, and sought leave to amend her complaint. (Doc. Nos. 4 & 5.) On March 19, 2009, the Court granted Defendants Ocwen and HSBC's motion to dismiss Plaintiff's complaint with leave to amend. (Doc. No. 7.) Plaintiff's amended complaint was due on or before April 20, 2009. (Id.) On April 23, 2009, Plaintiff filed her first amended complaint ("FAC"). (Doc. No. 8.) Also on April 23, 2009, Plaintiff filed a notice of substitution of attorney, indicating that Plaintiff was substituting herself in place of attorney Edward W. Freedman. (Doc. No. 9.)

Defendants Ocwen and HSBC then moved to dismiss Plaintiff's FAC with prejudice pursuant to Fed. R. Civ. Pro. 41(b) on the basis that the FAC was untimely according to the Court's March 19, 2009 Order. (Doc. No. 10.) On July 23, 2009, Plaintiff filed a substitution of attorney, indicating that Plaintiff was substituting Carter F. Johnston in place of herself. (Doc. No. 11.) On July 27, 2009, Plaintiff filed a response in opposition to Defendant Ocwen and HSBC's motion to dismiss, arguing that she should not be drastically penalized for a three day lapse by her former counsel. (Id. at 2.)

**Discussion**

Federal Rule of Civil Procedure 41(b) provides that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "[I]n order for a court to dismiss a case as a sanction, the district court

1  must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2)
2  the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
3  policy favoring disposition of cases on their merits; and (5) the availability of less drastic
4  alternatives.'" Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (citation omitted).

5      The Court concludes, in evaluating these factors, that Plaintiff's three day delay in filing
6  her amended complaint does not warrant dismissal as a sanction.  The public's interest in
7  expeditious resolution of litigation favors dismissal, as it always does.  Id.  However, the
8  minimal delay in this case does not greatly interfere with the Court's need to manage its
9  docket, as after Plaintiff discovered her attorney had failed to timely file the FAC, she had the
10 attorney promptly file it and discharged her attorney, substituting herself in his place.  The
11 litigation did not come to a complete halt and had Plaintiff sought additional time to file her
12 amended complaint in light of her former attorney's nonfeasance, the Court would likely have
13 given Plaintiff an extension.  The risk of prejudice to Defendants is slight, as there was only
14 a three day delay in the filing of the FAC.  Furthermore, this factor does not favor dismissal
15 as Plaintiff has a good excuse for the untimeliness of her FAC–her attorney's nonfeasance.
16 See id. at 991-92 (noting that prejudice is judged with reference to the strength of plaintiff's
17 excuse).  As soon as Plaintiff recognized that her attorney failed to timely file her FAC,
18 Plaintiff filed her FAC and discharged her attorney.  Public policy strongly favors disposition
19 of actions on the merits, not disposition on technical time limit violations.  Defendants contend
20 that there are no less drastic alternatives than a dismissal with prejudice. (Doc. No. 10 at 6.)
21 An obviously less drastic alternative would be a dismissal without prejudice or other relief that
22 Defendants may require to cure any slight prejudice suffered by the three day delay.  On
23 balance, the factors do not favor dismissal.

24     The Court, in its discretion, determines that dismissal of Plaintiff's FAC for a three day
25 delay in filing after her discovery of attorney nonfeasance is not warranted.  Accordingly, the
26 Court denies Defendants Ocwen and HSBC's motion to dismiss pursuant to Fed. R. Civ. Pro.
27 41(b).
28 / / /

## **Conclusion**

For the reasons set forth above, the Court DENIES Defendants Ocwen and HSBC's motion to dismiss the FAC pursuant to Fed. R. Civ. Pro. 41(b).

**IT IS SO ORDERED.**

DATED: August 5, 2009

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT