# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH G. CHAFFIN, an individual,<br><br>                                      Plaintiff,<br>   vs.<br>AUTOMATED FINANCE CORPORATION, a California corporation, form unknown; AZTEC FORECLOSURE CORPORATION, an Arizona corporation, for unknown; OCWEN LOAN SERVICING, LLC, a Florida corporation, form unknown; HSBC BANK USA, a business entity, form unknown; ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, a business entity, form unknown; and DOES 1 through 50, inclusive,<br><br>                                      Defendants. | **CASE NO. 09-CV-00259-H (RBB)**<br><br>**ORDER REMANDING CASE TO STATE COURT** |

On December 16, 2008, Plaintiff Deborah Chaffin filed a complaint in state court against Defendants in connection with her mortgage and the foreclosure sale of her residence. (Doc. No. 1, Attach. A.) Plaintiff alleged fourteen causes of action, including causes of action under three federal acts: 15 U.S.C. §§ 1601, et seq. (TILA), 12 U.S.C. §§ 2601 et. seq. (RESPA), and 15 U.S.C. § 1681 (FCRA). (Id.) On February 11, 2009 Defendants Ocwen Loan Servicing, LLC ("Ocwen") and HSBC Bank USA, N.A., as Trustee on behalf of ACE Securities Corp. Home Equity Loan Trust, Series 2007-ASAP2, Asset Backed Pass-Through

1  Certificates ("HSBC Bank") (erroneously named as two separate entities HSBC Bank, USA
2  and ACE Securities Corp.) removed the case to federal court on the basis of federal question
3  jurisdiction under 28 U.S.C. § 1331.  (Doc. No. 1.)

4  On February 19, 2009, Defendants Ocwen and HSBC Bank filed a motion to dismiss
5  Plaintiff's complaint.  (Doc. No. 3.)  In response, Plaintiff acknowledged that her complaint
6  contained certain defects and requested leave to amend.  (Doc. No. 5.)  The Court granted
7  Defendants' motion to dismiss Plaintiff's complaint with leave to amend on March 19, 2009.
8  (Doc. No. 7.)  On April 23, 2009 Plaintiff filed her First Amended Complaint ("FAC"),
9  alleging causes of action for breach of contract, fraud, negligence, to set aside Trustee's sale,
10 and to cancel Trustee's Deed.  (Doc. No. 8.)  The FAC does not allege any causes of action
11 under federal law and complete diversity between the parties does not exist.

12 On September 1, 2009, the Court ordered the parties to show cause why the case should
13 not be remanded to state court for lack of federal question jurisdiction.  (Doc. No. 20.)
14 Defendants filed a response to the Court's order on September 16, 2009.  (Doc. No. 22.)
15 Plaintiff did not file a response.

16 **I. Remand**

17 A district court has discretion to remand a properly removed case back to state court
18 where a § 1331 claim ceases to exist and only state law claims remain. Carnegie-Mellon Univ.
19 v. Cohill, 484 U.S. 343, 358 (1988) (allowing district courts discretion to remand cases to state
20 court in which federal claims have been eliminated and only pendent state claims remain),
21 superseded by statute, 28 U.S.C. § 1367 (2004) (enacted 1990) (providing that a district court
22 may decline to exercise supplemental jurisdiction where it has "dismissed all claims over
23 which it has original jurisdiction").  Factors to consider in remanding include comity, judicial
24 economy, convenience, and fairness to litigants. See Carnegie-Mellon Univ., 484 U.S. at 357.
25 The Ninth Circuit has stated that "it is generally preferable for district court to remand
26 remaining pendent claims to state court."  Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205
27 (9th Cir. 1991).

28 The Court, in its discretion, determines that this case should be remanded to state court.

1  All remaining claims in the FAC arise under California state law with no connection to federal
2  law. State courts are better equipped to handle state claims and this case is still in its beginning
3  stages. Remanding this case to state court will not inconvenience Plaintiff, as she originally
4  filed in state court. Although Defendants filed a motion to dismiss in federal court, much of
5  the analysis in Defendants' papers should apply in a California demurrer procedure. Finally,
6  the Court has not expended substantial federal resources on this case, as it has only reviewed
7  Defendants' motion to dismiss, approved an attorney substitution, and requested briefing on
8  the Court's jurisdiction. Accordingly, the Court remands the remaining pendent claims to state
9  court.

## II. Preemption

11  Plaintiff's FAC alleges causes of action for breach of contract, fraud, negligence, set
12  aside Trustee's sale, and cancel Trustee's deed. (Doc. No. 8.) Plaintiff's claims are based
13  upon allegations that after receiving a refinance loan from Automated Finance Corporation in
14  the amount of $420,000, Automated Finance Coporation re-recorded the trust deed and
15  changed the loan amount to $443,000 by using a prior signature page previously executed by
16  Plaintiff and not re-executed by her. (FAC ¶¶ 11-12.) Defendants argue in their response to
17  the Court's order to show cause that these state law claims are preempted by federal law,
18  thereby giving the Court federal question jurisdiction. (Doc. No. 22 at 5-8.) In support of their
19  argument, Defendants rely on the Office of Thrift Supervision's ("OTS") power to preempt
20  state laws that impose obligations on federal banks and thrifts related to their lending
21  obligations. (Id. at 5.)

22  The Court concludes that Plaintiff's state law causes of action are not preempted by
23  OTS's preemption regulation. "Through HOLA, Congress gave the Office of Thrift
24  Supervision ("OTS") broad authority to issue regulations governing thrifts. 12 U.S.C. § 1464.
25  As the principal regulator for federal savings associations, OTS promulgated a preemption
26  regulation in 12 C.F.R. § 560.2." Silvas v. E*Trade Mortg. Corp., 514 F.3d 1001, 1005 (9th
27  Cir. 2008). In order to determine if a state claim is preempted, the Court first looks to whether
28  the state law is a type contemplated by the list in § 560.2(b) of the preemption regulation. Id.

at 1006. If it is, the preemption analysis ends and the claim is preempted. Id. at 1006. However, if the law is not covered by § 560.2(b), the court must ask whether the law affects lending. Id. at 1006. If it does, then in accordance with § 560.2(a) a presumption arises that the law is preempted. Id. at 1006. This presumption is only reversed if the law can "clearly" be shown to fit within the confines of any of the six categories enumerated in § 560.2(c). Id. at 1006-07.

Plaintiff's state law causes of action are not of a type listed as being specifically preempted under § 560.2(b), as none of her state common law claims impose the type of requirements listed in subsection (b). Therefore, the Court evaluates whether the state laws at issue affect lending. The Court concludes that the state laws at issue have only an incidental effect on lending operations and do not affect lending within the meaning of §560.2(a). Plaintiff's breach of contract, fraud, negligence, and actions to set aside Trustee's Sale and Deed are premised on the allegation that Automated Finance Corporation breached the loan contract by changing the amount of the loan without Plaintiff's knowledge or consent. Because Plaintiff's claims are premised on a simple breach of contract claim, they only incidentally affect lending operations because a lender happens to be a party to the alleged contract. Additionally, Plaintiff's claims are of the type that fit within § 560.2(c)'s list of state laws that are not preempted. Subsection (c) provides that:

> State laws of the following types are not preempted to the extent that they only incidentally affect the lending operations of Federal savings associations or are otherwise consistent with the purposes of paragraph (a) of this section:
> (1) Contract and commercial law; (2) Real property law; (3) Homestead laws specified in 12 U.S.C. § 1462a(f); (4) Tort law; (5) Criminal law; and (6) Any other law that OTS, upon review, finds: (i) Furthers a vital state interest; and (ii) Either has only an incidental effect on lending operations or is not otherwise contrary to the purposes expressed in paragraph (a) of this section.

12 C.F.R. § 560.2(c). On the basis of this provision of the preemption regulation and in the absence of Defendants providing sources to the contrary, the Court "read[s] subsection (c) to

mean that OTS's assertion of plenary regulatory authority does not deprive persons harmed by the wrongful acts of savings and loan associations of their basic state common-law-type remedies." In re Ocwen Loan Servicing, LLC Mortg. Servicing Litigation, 491 F.3d 638, 643 (7th Cir. 2007) (noting that "it would be surprising for a federal regulation" to forbid a breach of contract action when a lender specifies one interest rate in the agreement and then charges a higher rate or to forbid a fraud action when a servicer like Ocwen fraudulently represents it will forgive a default and then forecloses).  Accordingly, the Court concludes that Plaintiff's state law claims are not preempted.

## Conclusion

For the reasons set forth above, the Court remands this case to state court.

**IT IS SO ORDERED.**

DATED: September 21, 2009

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT